# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| James Robertson, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Arrow Financial Services, LLC; and DOES 1-10, inclusive, | COMPLAINT |
| Defendants. | |

For this Complaint, the Plaintiff, James Robertson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Defendants transact business here and a substantial portion of the acts giving rise to the act occurred here.

## PARTIES

3. Plaintiff, James Robertson (the "Plaintiff"), is an adult individual residing in Bozrah, CT and is a "consumer" as the term is defined by 15 U.S.C. § 1692(a)(3).

4. Defendant, Arrow Financial Services, LLC (hereinafter "Arrow"), is a Delaware limited liability company with its principal place of business at 5669 W. Touhy Avenue, Niles, IL, 60714, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692(a)(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Arrow and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties as their identities are determined through discovery.

6. Arrow at all times acted by and through one or more of its collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

8. The Debt was incurred primarily for personal, family or household purposes, and therefore meets the definition of a "debt" under 15 U.S.C. § 1692(a)(5).

9. The Debt was purchased, assigned or transferred to Arrow for collection, or Arrow was employed by the Creditor to collect the Debt.

10. The Defendants began attempts to collect this Debt from the Plaintiff, and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692(a)(2).

11. The Plaintiff attempted to make a payment to the Creditor, and the Creditor refused payment on the grounds that it previously sold the Debt to Defendants.

### B. Arrow Engages in Harassment and Abusive Tactics

12. The Plaintiff called the Defendants to pay the Debt. The Plaintiff requested that the Defendants send him a statement and asked where payment for the Debt should be directed.

13. The Defendants confirmed that they held the Debt, but refused to tell the Plaintiff where he could send the payment for the Debt.

14. A representative of the Defendants told the Plaintiff that the Defendants were prohibited from conducting business in Connecticut.

15. An account supervisor of the Defendants told the Plaintiff that the Defendants were limited to verbal and not written communication with Connecticut residents since the Defendants are prohibited from doing business in the state of Connecticut.

16. The Defendants refused to mail the Plaintiff any statements or correspondence regarding the Debt.

17. The Defendants told the Plaintiff that interest would continue to accrue on the Debt.

18. The Plaintiff has paid approximately $300 of the Debt to the Defendants through the Defendant's website.

19. The Defendants have not sent the Plaintiff a validation notice explaining his rights under state and federal law or his right to dispute the Debt.

20. The Plaintiff sent a certified letter to the Defendants requesting verification of the Debt in June of 2009. The Plaintiff has not received any response.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,

### 15 U.S.C. § 1692, *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

24. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

25. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

26. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

27. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

28. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

29. The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

34. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

35. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

37. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

38. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the state of Connecticut.

39. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT VI
## COMMON LAW FRAUD

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Connecticut.

42. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of the FDCPA and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: March 12, 2010

Respectfully submitted,

By: _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
*Attorneys for Plaintiff*